# Leon H. Folz, Appellant, v. Frederick J. Amweg and Merchants' Trust Company.

*Principal and surety—Contract—Municipal contract.*

A municipal contract provided that if the contractor made default the city should have the right to complete the building at his expense. The contractor borrowed from plaintiff a sum of money to be used in the performance of the contract, and gave him a bond with a surety conditioned that if the contractor should, as soon as he received a certain designated payment from the city, pay back to the plaintiff the sum borrowed, then the bond was to be void. The contractor subsequently defaulted on the building contract, and the city permitted the surety in the building contract to complete the building. After it was completed a warrant was drawn in favor of the contractor, naming him, " or bearer," and a check to pay the warrant was given to the surety in the building contract. The contractor never received the warrant, nor was any payment made to him after his default. *Held*, (1) that the surety on the bond given to plaintiff was not liable ; and (2) that the fact that the warrant was drawn to the contractor " or bearer " was immaterial.

Argued March 29, 1899. Appeal, No. 108, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1896, No. 144, on verdict for defendant. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit. Before WILLSON, J.

It appeared at the trial that Amweg, one of the defendants, was a contractor with the city of Philadelphia for the erection of a boiler house and annex to the boys' new high school. The contract provided that the city would make the first payment " when the first floor of joist is on," and the second " when the second floor of joist is on, being the sum of $37,807.42."

Amweg's contract was dated June 13, 1895, and of the same date, the Tradesmen's Trust and Saving Fund Company became his surety in the sum of $63,012.37. conditioned that the

said Amweg in all respects should comply with all the terms, conditions and covenants set forth in the said contract.

On December 19, 1895, he borrowed from the plaintiff $20,000, and gave the following obligation, which constitutes this cause of action.

" Know all men by these presents, that we, Frederick J. Amweg, of the city of Philadelphia, and Merchants' Trust Company, also of said city, are held and firmly bound unto Leon H. Folz, also of said city, in the sum of $20,000, lawful money of the United States of America, to be paid to the said Leon H. Folz, his heirs, executors, administrators, or assigns to which payment well and truly to be made we do bind and oblige ourselves, our heirs, executors, administrators, successors, and assigns, and every of them, firmly by these presents. Sealed with our seals and dated the nineteenth day of December, A. D. 1895.

"Now the condition of the above obligation is such that if the above-named Frederick J. Amweg, his heirs, executors, administrators, and assigns, shall, as soon as he shall receive from the board of public education of the city of Philadelphia the sum of $37,807.42, being the second payment to be made by the said board of public education to him on account of the contract entered into between the said Frederick J. Amweg and the board of public education for the building of the annex of the boys' high school of the city of Philadelphia, dated the sixth day of March, 1895, pay to the said Leon H. Folz the sum of $20,000 out of the above-named sum of $37,807.42, then this obligation to be void, or else to be and remain in full force and virtue.

"F. J. AMWEG, [Seal]
"MERCHANTS' TRUST COMPANY,
"JOSEPH R. RHOADS,

" President."

Other facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[In my judgment, if it be true, and I see no reason to doubt it, that at a given time after the first payment had been made, Amweg was unable to go on with his contract—if he defaulted, to use a popular expression, in the performance of it, and then the city, through its agency, the board of public education, went

to his surety and said, "Here, Amweg is not completing his building; the time for the completion of it is near at hand, and we must have the work done;" and then an arrangement was entered into in good faith (and I see no reason to doubt the absolute integrity of the transaction) with the surety that it should take upon itself the doing of the work which Amweg was unable or unwilling to do and that then it should receive for work done by it independently, by the expenditure of its own money, if it should earn the amount which would come due under the contract according to the proper method provided in the contract for determining the amount, then the Tradesmen's Trust Company (the surety) was entitled to hold the amount which was subsequently received, as its own, and such a payment was not a payment within the meaning of the bond (that is, the bond of the defendant) to Amweg.] [1] Of course, if there was anything covinous, if there was any color of an attempt to impose upon the plaintiff in that whole matter; if, in point of fact, this was a mere shift adopted to try to squeeze Folz; if, in point of fact, it was Amweg after all that was doing the work and somebody else receiving the money under the appearance of an independent relation when, in point of fact, there was nothing but an appearance; if there was anything of that sort, my view of the case would be entirely different, [but assuming, as I do in fact in my own mind, that the transaction was a genuine one and that Amweg defaulted and the city was obliged to look for somebody to do the work, that it called on the surety and that then entered into an arrangement with the surety to do the work and complete it, and the surety completed the work and expended its own money for the purpose, then the surety became entitled to receive the money and Amweg did not, and in that event the plaintiff has no right of action against the defendant.] [2]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*David W. Sellers*, with him *Joseph L. Tull*, for appellant.— The assignment and letter of attorney still continued and maintained Amweg as the principal, Brown v. Trust Co., 174 Pa. 443, and the assent of the surety to the suggestions of the board

of public education continued the relations as at the start: Boschert v. Brown, 72 Pa. 372.

The judge had properly no facts to leave to the jury. The bond sued on and its meaning were for the judge alone; the assignment and letter of attorney were in writing, and their meaning was for the judge alone; the bill for the work done, its approval, the warrant received in payment, were all in writing, and their meaning was for the judge alone.

It is well settled that while a contract is to be construed strictly in favor of sureties, yet they are as much bound by the true meaning of the obligation as their principal: Roth v. Miller, 15 S. & R. 100; Phila. & Reading R. R. Co. v. Knight, 124 Pa. 58.

The whole case of the defendant is built upon oral evidence which in point of fact adds to, alters and varies the clear and indubitable meaning of this bond. That such evidence is inadmissible, see Mott v. Richtmyer, 57 N. Y. 49, Martin v. Cole, 104 U. S. 30, Black v. Bachelder, 120 Mass. 171, and Martin v. Berens, 67 Pa. 459.

If a given document has one distinct meaning in reference to the circumstances of the case it must be construed accordingly, and evidence to show that those executing the same intended to express some other meaning is not admissible: Stephen on Evidence, article 91, p. 168; American Bible Society v. Pratt, 9 Allen, 109.

*John G. Johnson,* for appellee.

Opinion by Mr. Justice Green, April 24, 1899:

The bond in suit was not a bond for the 'mere payment of money. The obligation of the Merchants' Trust Company was not an obligation to pay to the plaintiff the $20,000 of money in the event that Amweg the principal did not pay it. On the contrary, the express terms of the condition of the obligation were that " if the above-named Frederick J. Amweg, his heirs, executors, administrators. and assigns shall, as soon as he shall receive from the board of public education of the city of Philadelphia the sum of $37,807.42, being the second payment to be made by the said board of public education to him on account of the contract entered into between the said Frederick J. Am-

weg and the board of public education for the building of the
annex of the boys' high school of the city of Philadelphia, dated
the sixth day of March, pay to the said Leon H. Folz the sum of
$20,000 out of the above-named sum of $37,807.42, then this
obligation to be void or else to be and remain in full force and
virtue." It will be seen at once that in order to convict the
trust company of a default in the terms of this obligation it
would be necessary to show that Amweg had received the sum
of $37,807.42 from the board of public education as the second
payment due to Amweg on his contract with the board for the
construction of the annex of the boys' high school, and had
failed to pay the $20,000 to Folz. In that state of facts the
condition of the bond would be broken and the Merchants'.Trust
Company would be liable for the breach. But, if that condition
was not broken, according to its own terms, of course, the trust
company would not be liable. On the trial it was contended
on behalf of the defendant that the defendant trust company
was not liable, because in point of fact Amweg never earned
and never received the payment of $37,807.42, out of which
only, the payment of the $20,000 was to be made. It was proved
without contradiction that Amweg had defaulted on his build-
ing contract, and had ceased to carry on the work before the
payment of $37,807.42 was earned. It was further proved that,
after notice to the surety of Amweg on his building contract,
" The Tradesmen's Trust and Saving Fund Company," given
by the board of public education, the surety company under-
took to finish the building according to the terms of the original
contract, and made an agreement with the board to that effect.
The surety company thereupon proceeded with the work and
finished the building, providing all the funds necessary for that
purpose from their own resources. The clause in the original
contract which authorized the board of education to act was in
these words, " In case the said Amweg shall abandon or refuse
to complete the work within contracted for, the said committee
on property shall have the right to cause the same to be com-
pleted according to the within contract, on the account, and at
the expense, of the said Amweg, and any money which may be
due or unpaid on the within contract of the said Amweg shall
in that case become the property of the city of Philadelphia."
On June 9, 1896, the committee on property made a report to

the board: "Whereas Frederick J. Amweg, contractor for the erection of the Richmond and Ontario street school building and of the annex to the boys' high school, has failed to fulfil his contracts for the erection of said buildings, whereby he has forfeited all rights under said contracts; and whereas the Tradesmen's Trust and Saving Fund Company, sureties for said Amweg, have offered and undertaken on their own behalf to fulfil said contracts, and the board of public education has accepted said trust company as substitutes for said Amweg in performance of said contracts, and has agreed, if said trust company properly completes said buildings in accordance with the provisions of said contracts, to pay them the amounts agreed upon in said contracts to be paid for the erection of said buildings; Now therefore resolved that by reason of said Amweg's forfeiture of all rights under said contracts the secretary of the board of public education be instructed to draw no warrants for work in the erection of the said buildings to or in favor of the said Frederick J. Amweg."

After the completion of the building by the surety company a warrant was drawn by the board of public education in favor of "F. J. Amweg or bearer," for the sum of $37,807.42. A check to pay this warrant was drawn by the city controller dated July 3, 1896, to the order of his assistant, J. Hampton Moore, who indorsed it "Pay to the order of the Tradesmen's Trust and Saving Fund Company." The warrant and the check were handed to the trust company and that company received the money. No part of it was ever paid to Amweg, nor was any of it due to him. The circumstance that the warrant was made payable to Amweg or bearer is of no account whatever. As the contract was made in his name there was sufficient reason for drawing the warrant in his name to identify the payment with the contract. In point of fact Amweg had nothing to do with the warrant. He never received it, and his indorsement of it was not needed and was not made, because it was payable to bearer. He never received the warrant or the check, and he had no right to receive either. It follows that the condition of the bond in suit was never broken and hence there could be no recovery on it by the obligee in the bond. It was abundantly proved by the oral testimony that Amweg defaulted on his contract and quit the work; that the surety company was duly called upon by

the proper authorities to finish the contract, and that they thereupon did complete the work, furnishing the money therefor from their own resources. It was also fully proved that in doing this work they lost money and did not receive enough to reimburse them. There was not the least evidence of collusion between Amweg and the surety company, and there was nothing on the record to impugn the perfect integrity of the transaction. The charge of the learned judge of the court below was a careful and perfectly correct presentation of the whole case, and we see no error in any part of it. The assignments of error are all dismissed.

Judgment affirmed.