those of the defendant at 60 feet. There was the usual conflict as to the speed of the car. The testimony on these subjects was clearly sufficient to make out a prima facie case of negligence.

The only ground on which the plaintiff could be adjudged guilty of contributory negligence is that, when he turned out to let the first car pass, he did not stop and wait until it had passed, and then return to the track which he had left, instead of approaching the crest of the hill on the track on which there was danger of meeting a car. Because of the narrowness and grade of the street the situation was one calling for extreme caution, but the court could not have said that in going on the plaintiff was negligent. Being familiar with the locality, he had reason to suppose that he might meet a car on the track on which he was driving before he had an opportunity to turn out, but not that he would meet a car running at such speed over the narrow crest of the hill that it could not be stopped in time to avoid a collision after the motorman saw him. He was justified in presuming that the car would be managed with the care and prudence which the situation demanded, and was not bound to guard in advance against the negligent act of another.

He was, moreover, by the necessity of turning out of the track suddenly placed, without fault on his part, in a position of danger, and in his effort to extricate himself he could not be held to the use of the best judgment: Penna. R. Co. v. Werner, 89 Pa. 59; Malone v. Pittsburg, etc., R. R. Co., 152 Pa. 390.

The judgment is affirmed.

---

## In re Petition of John S. Rodgers.

*Attorneys at law—Admission of attorney from another state.*

The Supreme Court will not, upon petition without more, order and decree that a member of the bar of the Supreme Court of another state who has become a resident of Pennsylvania, be authorized and licensed to practice as an attorney and counselor at law in the Supreme Court of the state of Pennsylvania, no certificate being presented from the presiding judge of the court of his last residence, setting forth that he is of reputable professional standing as a member of the bar of his county.

*It seems* that the Supreme Court will not admit directly an attorney coming from another state who has become a resident of one of the judicial districts of the commonwealth.

In re petition of John S. Rodgers for admission as an attorney to practice in the Supreme Court of Pennsylvania.

The petition is as follows:

" The petition of the undersigned, John S. Rodgers, county of Washington, state of Pennsylvania, respectfully represents: That John S. Rodgers, on the 15th day of June, 1893, exhibited to the Supreme Court of the state of Illinois, of the United States, satisfactory evidence of his good moral character and of his qualifications to practice as an attorney and counselor at law, in the courts of the aforesaid state of Illinois, and on that date the Supreme Court of aforesaid state authorized and licensed the said John S. Rodgers to practice as such attorney and counselor at law during his good behavior in the courts of the said state of Illinois, wherein he remains in good standing.

" Your petitioner further represents that he has changed his domicile unto his native state of Pennsylvania, and now is a citizen of said state, and desires admission into the Supreme Court thereof, and hereby respectfully applies unto your honors, the honorable justices of the Supreme Court, for authority and license to practice as an attorney and counselor at law in the Supreme Court of the state of Pennsylvania, in accordance to the rules of comity existing between states, as recognized in Splane's Appeal, 123 Pa. 527, and otherwise.

" Your petitioner further respectfully represents that at the time the constitutions of the United States and of the state of Pennsylvania were adopted, it was the privilege of the legal profession for lawyers to remove into any state ad libitim, and be admitted to the courts of said state, by virtue of their certificate of the court whence they came; no exception was taken to the usage in the southern states, so far as your petitioner can find.

" Your petitioner further respectfully represents that this and other privileges were assured unto the people of the United States by the fourteenth amendment to the constitution of the United States, article 4, section 2, viz: ' The citizens of each state shall be entitled to all privileges and immunities of citizens of the sev-

eral states.' In commenting upon said section, the Supreme Court of the United States in Corfield v. Coryell, 4 W. C. C. 381, said: 'Privileges and immunities mean the right of a citizen of one state to pass through, reside in any other state for purposes of trade, agriculture, professional pursuits or otherwise.'

"These and many others which might be mentioned are, strictly speaking, privileges and immunities, and the enjoyment of them by the citizens of each state in every other state was manifestly calculated (to use the expression of the preamble of the corresponding provision in the old articles of confederation), the better to secure and perpetuate mutual friendship and intercourse among the people of the different states of the union: Corfield v. Coryell, 4 W. C. C. 381.

"'In the way of further assuring the people of the United States the benefit of civil liberty, the people ordained and established in the constitution that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state:' Art. 4, sec. 1. In pursuance of said article, congress enacted a statute prescribing the effect thereof, to wit: 'And the said records and exemplifications so authenticated shall have such faith and credit given to them in every court and office within the United States as they have, by law or usage, in the courts or offices of the state whence the same was taken:' 1 R. S. sec. 905.

"Your petitioner further respectfully represents the finding of the United States district court in Cummings v. State of Missouri, 4 Wall. 321. The theory upon which our political institution rests is, that all men have certain inalienable rights, that among these are life, liberty and pursuit of happiness; all avocations, all honors, all positions are alike open to every one, and that in the protection of these rights all are equal before the law. Also, the holding of the United States district court in Baker v. City of Portland, 8 Reporter, 392, that the invitation of residence implies the right to earn a living.

[Signed]                          "JOHN S. RODGERS."


PER CURIAM, December 30, 1899:

Upon due consideration of the within petition the prayer thereof is denied, and the petition is dismissed.