IN THE MATTER OF THE APPLICATION OF HERBERT SPAULDING AVERY FOR ADMISSION TO THE BAR OF THE STATE OF HAWAII WITHOUT EXAMINATION.

No. 4164.

DECEMBER 4, 1959.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* On October 5, 1959 Herbert Spaulding Avery filed an application for admission to the bar of the State without examination.

The application showed admission of the applicant to the bar of the State of Massachusetts on August 31, 1909 and membership in good standing in that bar on August 19, 1959, the date of the certificate attached to the application.

We pass without comment or decision thereon the question of compliance with paragraphs (a), (b) and (c) of our Rule 15, and proceed to consideration of paragraph (f) of the rule, set out in the footnote.[1]

The application filed October 5 cites Article V of the State Constitution, relating to the judiciary. It avers invasion by the legislature of judicial functions. So far as relevant the pertinent statute reads:

"The supreme court shall have the power to examine, admit and reinstate as practitioners in the courts of record such persons * * * as it may find qualified for that purpose. * * *" R.L.H. 1955, § 217-1.

Therefore it is Rule 15(f), not the statute, which requires the examination and the suggestion of invasion of judicial functions is not well taken.

Attached to the application is a memorandum contending that membership of the bar of another State for approximately fifty years "ought to be sufficient qualification to satisfy the requirements * * * ." This is the gravamen of the application.

Summarized, applicant's contentions present three points, to wit:

1. That the requirement of the examination, Rule 15(f), should be waived in applicant's case.

---

[1] (f) *Examinations.* Every applicant must pass an examination which satisfies the court that he has the legal and educational qualifications entitling him to be admitted to practice as an attorney before the court. The capacity of the applicant to read, write and speak the English language correctly and fluently shall be a necessary qualification. Unless otherwise directed by the court, regular examinations of applicants for admission to the bar of the State of Hawaii will be held at Honolulu commencing on the first Monday of October of each year.

28

2. That the requirement of an examination is unreasonable and invalid as applied to applicant, a member of the Massachusetts Bar for fifty years and a citizen of the United States.

3. That the requirement of examination is invalid in applicant's case by reason of the full faith and credit clause of the Constitution of the United States.

In a memorandum dated October 14, 1959 applicant cites Article III, sec. 1, Article IV, secs. 1 and 2, and Amendment 14, sec. 1, privileges and immunities clause, Constitution of the United States. Save for the contentions above outlined, no authority has been cited or argument made in support of the application of these provisions and we regard as waived any other contention based thereon. *Taylor* v. *Fee*, 233 F. 2d 251, aff'd 353 U.S. 553. We proceed to consideration of the three points above mentioned.

1. If it be assumed that we have discretion to waive the requirement of the examination, nevertheless we decline to waive it. That would destroy the uniformity of the rule.

2. We are convinced that the requirement of an examination is not unreasonable and invalid as applied to applicant. *Schware* v. *United States*, 353 U.S. 232 (1957), cited by the applicant is not in point since it establishes only that a State may not arbitrarily exclude an applicant from taking the bar examination. The applicant in that case sought only the same opportunity of taking the examination as was accorded to others. More in point is *Kovrak* v. *Ginsburg*, 358 U.S. 52 (1958), dismissing for want of a substantial federal question the appeal from the Supreme Court of Pennsylvania, whose opinion is reported sub nom. *Ginsburg* v. *Kovrak*, 392 Pa. 143, 139 A. 2d 889 (1958). However, we do not put our decision on the ground that the right to practice law in the state courts is not a privilege or immunity of a citizen of the United States, as held in that case, for a decision on that point is

unnecessary. Under whatever clause of the Constitution (state or federal) the question is raised, applicant has failed to show that the regulation is invalid.

As stated in *Baker* v. *Varser,* 240 N.C. 260, 82 S.E. 2d 90:

> "A person does not have a natural or constitutional right to practise law; it is a privilege or franchise to be earned by hard study and compliance with the qualifications for admission to practise law prescribed by law. * * * By virtue of its police power a state is authorized to establish qualifications for admission to practise law in its jurisdiction."

The requirements for admission to the bar need not be tailored to the applicant. As stated by the New York Court of Appeals in connection with an unauthorized practice matter, *In re Roel,* 3 N.Y. 2d 224, 144 N.E. 2d 24, appeal dismissed for want of a substantial federal question, 355 U.S. 604:

> "* * * Only recently the Supreme Court of the United States said: 'A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar', so long as such qualification has a rational connection with the applicant's fitness or competency to practice law (Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed. 2d 796). * * * The State need not have separate examinations for those who will specialize in real estate law, patent law, mining law, foreign law, or any other law. There are many branches of the law that a Bar examination does not reach, but the test is a general one which all qualified applicants are required to take."

Our rule is of long standing. We have checked the manner in which it has operated by taking the statistics

of a ten-year period, 1949-1958 inclusive. During that period there were seventeen applicants whose applications showed that they had been admitted in another State or country at least three years before October 1 of the examination year. Of the seventeen, one was not qualified by reason of the educational requirements, Rule 15(b). Twelve of the remaining sixteen have been admitted. Ten of the twelve were admitted on the first examination taken, the other two on a subsequent examination. Some of the attorneys so admitted had been licensed elsewhere more than twenty years before. In addition to these twelve, there were thirty-six admitted during these ten years who previously had been licensed elsewhere for various periods, but less than three full years. From these statistics we do not find that our examination requirement has operated harshly.

3. Article IV, section 1 of the Constitution of the United States is inapplicable. To make that clause applicable, applicant would have to show that a license in one State confers a right to practice law in every other State, a contention universally denied. See *In re Rodgers,* 191 Pa. 161, 46 Atl. 668; *Dickerson* v. *Worten,* 122 Okla. 76, 251 Pac. 52.

> As a matter of comity our Rule 15(b) provides: "A foreign attorney, whether an American citizen or not, may be permitted to associate himself with a member or members of the local bar in the presentation of a specific case at the discretion of the presiding judge or judges."

This rule often has been applied and is sufficient to take care of the needs of the members of the bar of sister States in so far as their practice may involve recourse to Hawaii courts. For admission to general practice as a resident attorney a member of the bar of another State must qualify under Rule 15(f) and meet all of the other require-

ments for admission. *Ex parte Perkins,* 224 La. 1034, 71 So. 2d 558.

Application denied.

*Herbert S. Avery, pro se.*

*Richard K. Sharpless* for the Bar Association of Hawaii, in opposition to the application.