IN THE MATTER OF THE PETITION OF HERBERT S. AVERY FOR ADMISSION TO THE BAR OF THE STATE OF HAWAII.

No. 4223.

JANUARY 23, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ AND LEWIS, JJ., AND CIRCUIT JUDGE HEWITT ASSIGNED BY REASON OF VACANCY.

*Per Curiam.* This is petitioner's third application for admission to the bar of the State of Hawaii, presented notwithstanding his failure to pass the bar examination taken by him in October 1960. The first two, filed prior to the examination, were denied. *In re Application of H. S. Avery for Admission to the Bar,* 44 Haw. 26, *Id.* at 90, 352 P. 2d 607, *Id.* at 610. In the case of the first petition, this court ruled, *inter alia,* that the full faith and credit clause of Article IV, § 1, of the Constitution of the United States, was inapplicable.

In the instant application, petitioner asserts that he is entitled to admission to the bar on the ground that the board of bar examiners allegedly based the passing grade

exclusively on the mark of seventy and failed to take into consideration his experience and ability acquired from active practice of the law in the State of Massachusetts for approximately fifty years under a license issued by that State. In his memorandum supplementing the petition, he shows that he is also a member of the Bar of the Supreme Court of the United States and of other Federal Courts.

It is contended by him that the grading method used by the board of bar examiners, which excluded any preference or credit in favor of persons who were previously licensed to practice law in other jurisdictions, was repugnant and contrary to Article IV, § 1, and Amendment XIV, § 1, of the Constitution of the United States. We do not agree. The constitutional provisions, specifically, the full faith and credit, the due process and equal protection clauses have no application to the facts involved herein. We have examined the cases cited in petitioner's memorandum and find them to have no bearing.

We are satisfied that the bar examination requirements in this jurisdiction are not unreasonable, arbitrary or oppressive. They constitute a valid exercise of the State's police power and prerogative in pursuance of its objective of maintaining the legal profession on a high level.

We affirm our ruling in connection with petitioner's first application that the right to practice law is not a natural or constitutional right, but a privilege or franchise the exercise of which is conditioned upon the prescribed requirements of each jurisdiction. The fact that a lawyer is licensed to engage in the general practice of law in one state does not give him a vested right to freely exercise such license in other states. *Baker* v. *Varser,* 240 N.C. 260, 82 S.E. 2d 90; *State ex rel. Boynton* v. *Perkins,* 138 Kan. 899, 28 P. 2d 765. We think it likewise does not give him a vested right to a preferential status.

It is of interest to note that a case squarely in point was recently decided by the Supreme Court of Nevada. An unsuccessful candidate for admission to the bar of that state filed a petition for a review of the method used by the board of bar examiners. The gravamen of his complaint was that: "Petitioner was required to answer questions in an academic examination identical with the questions propounded to law students recently graduated from the academic study of the law, which examination was not a fair test, standing alone, of petitioner's learning, training, and ability as reflected by his background of more than twenty years in the active general practice of the law." The petitioner charged that the board of bar examiners refused to give any consideration to the evidence that he had successfully practiced law in several jurisdictions for over 21 years. In denying the petition, the court reaffirmed and quoted from its decision in a previous bar examination case as follows: "With respect to applicant's contention that the personality and background of an applicant should be weighed along with the written examination, it is sufficient to say that the general qualification of an applicant will not be substituted for the requisite knowledge of law which one must possess in order to be admitted into the legal profession." *In re Reid's Petition*, ———— Nev. ———— (1960), 349 P. 2d 446; see also *Staley* v. *State Bar of California*, 17 Cal. 2d 119, 109 P. 2d 667.

The procedure for admission to the bar of the State of Hawaii is governed by Rule 15 of the Supreme Court of this State. The rule is founded upon the statutory provisions of Chapter 217, Revised Laws of Hawaii 1955, and the court's rule-making power under Chapter 214.

Citizens of the United States, who are qualified and registered to vote in the State of Hawaii and who possess the educational and character requirements set forth in

Rule 15 of the Supreme Court of the State of Hawaii, are eligible for the bar examination. The rule provides that "every applicant must pass an examination." It further provides that an applicant must be a graduate of a law school approved by the Council of the American Bar Association on Legal Education and Admissions to the Bar, but makes an exception in this respect as to an attorney from another jurisdiction who has actively practiced law for ten out of eleven years immediately prior to his application. There is no provision for preference, reciprocity, or comity other than that which permits a foreign attorney to associate himself with a member of the local bar in the presentation of a specific case at the discretion of the presiding judge. The examination questions are of an academic nature designed to test the applicant's requisite knowledge of the law.

Petitioner was declared eligible for the bar examination held in October 1960, under the exception above-mentioned, although it appeared that he was not a graduate of an approved law school. He took the examination but was unsuccessful. He does not charge the board of bar examiners with bias, prejudice, partiality, or any irregular conduct. The purport of his claim is that the board and this court should have passed him in the bar examination by offsetting the deficiency in his grade by crediting his long professional career in the State of Massachusetts. This the court could not do without contravening the long-standing rule which governs local bar examinations. Having no constitutional right to practice law in the State of Hawaii under a Massachusetts license, petitioner cannot be heard to complain that he has been denied due process or full faith and credit. Practical experience acquired in another state, to be sure, should be a helpful asset, but such experience must coincide with the requisite knowledge of the law as fairly tested and

determined through a bar examination. Such is the requirement in this jurisdiction.

Petition denied.