Application of Joseph J. BREWER for Admission to the Alaska Bar Association.

No. 789.

Supreme Court of Alaska.

July 17, 1967.

R. Stanley Ditus, Anchorage, for applicant-petitioner.

John E. Havelock, Anchorage, for Alaska Bar Ass'n.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

At the time that Joseph J. Brewer made application for admission to the Alaska Bar Association, the Alaska Bar Act provided that one was eligible for admission to the Alaska Bar without examination if, in addition to meeting other requirements, the applicant had passed a bar examination of another state or the District of Columbia and had been actively employed in Alaska by a law firm or by the state or federal government in work of a legal nature for at least three consecutive years, and if this court determined that it was in the best interests of the legal profession that the applicant be admitted.[1] One did not qualify under the Act, however, if he had taken and failed to pass the Alaska bar examination after June 30, 1965.

The applicant in this case, Joseph Brewer, met the foregoing requirements as to admission without examination, except that he took and failed to pass the Alaska bar examination after June 30, 1965. For that reason he was denied admission to the bar by the Board of Governors of the Alaska Bar Association. He has petitioned this court for admission to the bar without examination. He claims that the provisions in the statute as to the effect of one failing to pass a bar examination after June 30, 1965 was an invalid limitation and unwarranted intrusion upon the inherent and final power of this court to determine the standards for admission to the bar, was not a reasonable standard for admission because it had no rational connection with fitness to practice law in Alaska, and denied applicant due process of law and equal protection of the law contrary to the fourteenth amendment to the federal constitution[2] and sections 1 and 7 of article I of the Alaska constitution.[3]

---

1. AS 08.08.130 provided:

 A person is eligible for admission to the Alaska Bar if he

 (1) is a citizen of the United States;

 (2) is over 21 years of age;

 (3) has been a resident of the state for at least 60 days before the date of application for admission by examination or by reciprocity, and the date for the examination for admission or the date for certification by the board that the person be admitted by reciprocity shall be at least 90 days after the application is made;

 (4) is a graduate of a law school approved by the American Bar Association or has completed a clerkship in the manner required by § 135 of this chapter; and

 (5) has passed a bar examination given by the Alaska Bar; or

 (6) meets the requirements in (1)—(4) of this section, and

 (A) has passed a bar examination of another state or the District of Columbia;

 (B) is a member in good standing of the bar of that state or the District of Columbia;

 (C) has been a resident of Alaska for at least three years before petitioning the court to be admitted;

 (D) has been actively employed in Alaska by a law firm or the state or federal government in work of a legal nature for at least three consecutive years;

 (E) the supreme court determines that it is in the best interests of those served by the legal profession that he be admitted, except that nothing in this paragraph shall permit the admission of an attorney who after June 30, 1965, has taken and failed to pass the Alaska bar examination.

 In SLA 1967, ch. 135 the legislature amended AS 08.08.130 by deleting subsection (6) (A), (B), (C), (D) and (E).

2. The fourteenth amendment to the federal constitution provides that no state shall

 [D]eprive any person of life, liberty, or property, without due process of law; nor deny to any person * * * the equal protection of the laws.

3. Alaska Const. art. I, §§ 1 and 7 provide:

 Section 1. Inherent Rights. This constitution is dedicated to the prin-

In *Application of Houston* [4] we held that the inherent and final power and authority to determine standards for admission to the practice of law in this state reside in this court. We also held that the legislature may enact laws governing the practice of law, but that it may not require this court to admit on standards other than those accepted or established by the court. Whether or not we accept legislative standards or rules for admission to the practice of law depends upon whether they have a rational connection with one's fitness to practice law in Alaska. We will hold that there is such a rational connection if application of the legislative standards has a reasonable tendency to determine whether an applicant has a sufficient knowledge of law in Alaska to hold himself out to the public that he is adequately prepared to assume efficiently the obligations and responsibilities commensurate with representing persons in legal matters.

In AS 08.08.130 [5] the legislature had stated in effect that in its judgment one who was eligible for admission to the Alaska Bar without examination under the statute would be considered ineligible if he took and failed to pass a bar examination after June 30, 1965. We cannot say that the legislative judgment was unreasonable and that such a standard for determining eligibility for admission to the bar is unacceptable to this court. Bar examinations are commonly used throughout the states as a test of one's fitness to advise and represent clients in legal matters. When one fails to pass an appropriate and properly administered examination, it is not unreasonable to say that he has demonstrated his lack of proficiency in law so as to justify denying him the right to be admitted to the bar. We believe that the legislature-imposed disqualification for one who took and failed to pass the bar examination after June 30, 1965 did have a rational connection with one's fitness to be admitted to the Alaska Bar and was not an unwarranted intrusion upon the inherent power of this court to determine the standards for such admission. Because such a rational connection did exist and the legislative requirement was not arbitrary, and because applicant did take and fail to pass the bar examination after June 30, 1965, there has not been a denial of due process of law in refusing applicant admission to the Alaska Bar. [6]

Nor do we find a denial of equal protection of the laws. The provision in AS 08.08.130 which made one ineligible for admission to the bar without examination if he had taken and failed to pass the Alaska bar examination after June 30, 1965 was contained in a 1965 enactment of the legislature [7] which became effective on June 30, 1965. [8] The effect of this legislation was to

ciples that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State.

Section 7. Due Process. No person shall be deprived of life, liberty, or property, without due process of law. * * *

4. 378 P.2d 644 (Alaska 1963).

5. Statute quoted note 1 supra.

6. Cf. Schware v. Board of Bar Examiners, 353 U.S. 232, 238–39, 77 S.Ct. 752, 1 L.

Ed.2d 796, 801–802 (1957); Konigsberg v. State Bar of California, 353 U.S. 252, 262, 77 S.Ct. 722, 1 L.Ed.2d 810, 819 (1957); Application of Houston, 378 P. 2d 644, 646 (Alaska 1963).

7. SLA 1965, ch. 47, § 1.

8. Article II, section 18 of the state constitution provides that "Laws passed by the legislature become effective ninety days after enactment. The legislature may, by concurrence of two-thirds of the membership of each house, provide for another effective date." SLA 1965, ch. 47 was approved by the governor on April 1, 1965. Since no other effective date was provided, this law became effective 90 days after April 1, 1965, which was June 30, 1965.

make ineligible for admission to the bar without examination those persons who took and failed to pass the Alaska bar examination after the effective date of the act, but not those who may have taken and failed the bar examination prior to such effective date.

 We see here no unjust distinction between the two groups of persons.[9] When the legislature adopts new standards for admission to the bar, it is not obliged by the requirements of equal protection of the laws to make its legislation retrospective so as to encompass situations which existed prior to the time the legislation becomes effective. To make the legislation prospective in operation only, as was done here, satisfies constitutional requirements of equal protection so long as the law in operating prospectively does not invidiously discriminate between different classes of persons. There was no such discrimination here. All persons who attempted to qualify for admission without examination under AS 08.08.130(6)[10] were treated alike in that all who took and failed to pass the bar examination after the effective date of the 1965 act were considered ineligible for admission to the Alaska Bar without examination.

The amended findings of fact and conclusions of law of the Alaska Bar Association which determined that applicant was not entitled to admission to the bar without examination under AS 08.08.130(6) are affirmed. Applicant's petition for admission to the Alaska Bar Association without examination is denied.

RABINOWITZ, Justice (concurring).

I concur in the result reached by the majority for the reasons stated in my dissenting opinions in *Application of Hanson*[1]

and *Application of Johnson.*[2] In those cases I concluded that AS 08.08.130(6) could not be used as a basis for admission to the Alaska Bar Association.

---

9. In Leege v. Martin, 379 P.2d 447, 452 (Alaska 1963), we said that the equal protection provision of article I, section 1 of the Alaska constitution was "a prohibition against laws which, in their application, make unjust distinctions between persons."

