**Application of Robert C. STEELMAN
for Admission to Practice Law.**

**No. 990.**

Supreme Court of Alaska.

Jan. 3, 1969.

Robert C. Steelman in pro. per.

Victor D. Carlson, Anchorage, Chairman of Admissions, for Alaska Bar Ass'n.

NESBETT, Chief Justice.

Petitioner graduated from the University of Montana Law School in 1954 and was admitted to the bar of Montana the same year. He was not required to take a bar examination as a prerequisite to admission because Montana law provided that a diploma from the Department of Law of the University of Montana entitled the holder

to a license to practice law in all of the courts of that state.[1]

The Board of Governors of the Alaska Bar Association denied petitioner's application for admission to the Alaska Bar on reciprocity on February 10, 1968, on the ground that he had not passed a bar examination as required by AS 08.08.130(6) (A) which stated as a requirement that applicant have "passed a bar examination of another state or the District of Columbia.[2]

In support of his contention that he had passed a bar examination within the meaning of the above-quoted section petitioner introduced in the record a letter from the Chief Justice of Montana dated December 6, 1967, addressed to him which stated in part:

> You are correct in your understanding that this Court adopts the examinations given by the School of Law at Montana State University as our examination for admission to the Bar in Montana. The law provides of course that if I desire I can require a written examination but during the years I have checked very closely with the School of Law and have been entirely satisfied with the examination they conduct and have approved them as sufficient to meet our requirements of a Bar examination.

Respondent's contention is that the examination referred to in the Chief Justice's letter appeared to be the regular law school examinations given at the end of each semester; that applicant had passed no examination different from those which every graduate of his law school was required to pass and that respondent was admitted to the practice of law in Montana on what is generally known as the "diploma privilege."

---

1. § 93–2002 of The Revised Codes of Montana states:

 Every applicant for admission as an attorney and counselor must produce satisfactory testimonials of good moral character, and a certificate of one or more reputable counselors at law that he has been engaged in the study of law for two successive years prior to the making of such application, and undergo a strict examination as to his qualifications by any one or more of the justices of the supreme court. The form and manner of the examination shall be as the justices may, from time to time, determine; provided, however, that a diploma from the department of law of the University of Montana at Missoula, or evidence of having completed the course in law of three years of said department, shall entitle the holder to a license to practice law in all the courts of this state, subject to the right of the chief justice of the supreme court of the state to order an examination as in ordinary cases of applicants without such diploma or evidence.

2. AS 08.08.130 as enacted by ch. 47, SLA 1965, stated:

 A person is eligible for admission to the Alaska Bar of [sic] he
 (1) is a citizen of the United States;
 (2) is over 21 years of age;
 (3) has been a resident of the state for at least 60 days before the date of application for admission by examination or by reciprocity, and the date for the examination for admission or the date for certification by the board that the person be admitted by reciprocity shall be at least 90 days after the application is made;
 (4) is a graduate of a law school approved by the American Bar Association or has completed a clerkship in the manner required by sec. 135 of this chapter; and
 (5) has passed a bar examination given by the Alaska Bar; or
 (6) meets the requirements in (1)–(4) of this section, and
 (A) has passed a bar examination of another state or the District of Columbia;
 (B) is a member in good standing of the bar of the state or the District of Columbia;
 (C) has been a resident of Alaska for at least three years before petitioning the court to be admitted;
 (D) has been actively employed in Alaska by a law firm or the state or federal government in work of a legal nature for at least three consecutive years;
 (E) the supreme court determines that it is in the best interest of those served by the legal profession that he be admitted, except that nothing in this paragraph shall permit the admission of an attorney who after June 30, 1965 has taken and failed to pass the Alaska bar examination.

Respondent argues that ch. 178, SLA 1960 as reflected in AS 08.08.130(6) (A) and the history of that legislation makes it abundantly clear that the intent of the legislature was to require that an applicant for admission to practice law in Alaska without examination must have passed a bar examination of another state or the District of Columbia and that that bar examination be "a bar examination as it is known in Alaska and not as it may be known in the state in which the applicant is admitted."

Petitioner criticizes respondent's interpretation of the intent of the statute as being repugnant to other portions of the reciprocity statute and in effect being a requirement that applicant have "passed a bar examination of *another state of Alaska*."

Some space is devoted in argument to the question of whether the issue should be decided under the wording "has passed a bar examination of another state," enacted by ch. 47, SLA 1965 in AS 0808.130(6) (A) or under the previous wording, "has passed a state bar examination" of AS 08.08.140 (1) as enacted by ch. 178, SLA 1960.

It is not necessary, in order to interpret intent and resolve the issue raised, to attempt to select between the wording "has passed a bar examination of another state" of ch. 47, SLA 1965, and the wording, "has passed a state bar examination" of ch. 178, SLA 1960. Alaska Bar Rule 2 § 2(f) [1], promulgated by this court on February 8, 1965, was in force at the time petitioner made application for admission on reciprocity and is still in force.

 In *Application of Brewer*[3] we held that although the final power and authority to determine standards for admission to the bar of Alaska rested in this court, we would nevertheless accept a legislative standard for admission provided it was acceptable to the court and had a rational connection with an applicant's fitness

to practice law. By this holding we did not intend to imply that legislative standards similar to and superimposed upon standards already established by the court would be accepted merely because they might have some relevancy to an applicant's fitness to practice law. The authority and responsibility for establishing clear and unambiguous standards for admission rests in this court and where the court has already established a standard it will not accept a legislative attempt to modify that standard which creates confusion and inconsistency without adding substantively to the standard.

 The wording "has passed a bar examination of another state" contained in ch. 47, SLA 1965, adds nothing substantively to the standard "has passed a state bar examination" which had already been established by this court in Alaska Bar Rule 2 § 2(f) [1], and only creates confusion. For this reason we shall disregard the wording of ch. 47, SLA 1965, and apply the standard as it has been expressed in Alaska Bar Rule 2 § 2(f) [1].[4]

 We are of the opinion that the facts do not qualify petitioner as having "passed a state bar examination." The intent of this requirement of the rule is that the applicant have passed a bar examination of the type usually administered by a state bar association. Such an examination is designed to test.

* * * not information and memory, not experience, but the applicant's ability to reason logically and to make an accurate legal analysis of the problems included in the examination, and then to make a sound application of the basic principles of the law to the facts. This type of examination will provide a good evaluation of the applicant's legal training, the kind that students receive in the better law schools.[5]

---

3. 430 P.2d 150 (Alaska 1967).

4. Alaska Bar Rule 11 § 2(f) [1] states in pertinent part:

If the attorney applicant has [1] passed a state bar examination * * *.

5. J. Brenner, Bar Examination and Requirements for Admission to the Bar 16

This court does not question the thoroughness and efficacy of the examinations administered by the law school which petitioner attended. However, there is nothing in the record which would establish that these examinations were, as respondent stated, anything other than "the regular law school examinations given at the end of each semester."

The reason for the requirement of Alaska Bar Rule 2 § 2(f) [1], that the applicant have "passed a state bar examination" was to insure that a final, impartial, non-identity, comprehensive test of the applicant's fitness to practice law, of the type generally administered by state bar examining authorities, including that of Alaska, was administered. The reason for this requirement has been well expressed by E. Marshall Thomas, a chairman of the National Conference of Bar Examiners in the following quote:

It is apparent that the law schools teach the same skills as bar examiners test. It is also common knowledge that the law schools test these same abilities in each year of law study. This being true, why should bar examiners repeat the work of the law school faculties? Why not admit to the bar every law student who is awarded a law degree by a law school approved by the American Bar Association? The answer is that the

bar examination serves an additional purpose. The fact that a law student knows he must face bar examinations after graduation and before admission to the practice is a healthy educational stimulant to the student. It is also a stimulant to the law school faculty to maintain high standards of legal education because the faculty knows that their students will be examined by practicing lawyers who are the bar examiners of the respective states. The bar examination also serves an additional function in that the bar examination has one essential difference from law school examinations. It is a comprehensive examination covering the entire field of several years of law study, whereas law school examinations are pinpointed to particular subjects. It is in the bar examination that the student, for the first time, must identify for himself the subject of law which is involved in a question.[6]

For the foregoing reasons the order of the Board of Governors is affirmed.

RABINOWITZ, Justice (concurring).

I concur in the majority's conclusion that petitioner has not passed a state bar examination as required by AS 08.08.140 and Alaska Bar Rule 2, Section 2(f), both of which establish criteria for admission by reciprocity.[1] The right to practice law in

(1952) quoted in National Conference of Bar Examiners, The Bar Examiners' Handbook 126 (1968).

6. E. Thomas, "The Bar Examination, Its Function," 32 The Bar Examiner 69, 70 (1963) quoted in National Conference of Bar Examiners, The Bar Examiners' Handbook 127 (1968).

1. AS 08.08.140 provides:
 *Out-of-state attorneys.* An attorney in good standing in the bar of another state or territory or the District of Columbia which admits members of the Alaska Bar to the practice of law shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in the jurisdiction from which he has come for the admission of attorneys from this state. As a prerequisite to admission to

the Alaska Bar the board shall require an attorney to take and pass an examination, unless the applicant (1) has passed a state bar examination, (2) has engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) is a graduate of a law school accredited by the American Bar Association, or is a graduate of any law school if he received his degree before 1950 and began his legal studies before 1940, or has been engaged in the active practice of the law for at least 10 years, and (4) meets the character requirements established by the board.

Alaska Bar R. 11, § 2(f) reads as follows:
 If the attorney applicant has [1] passed a state bar examination, [2] engaged in

the State of Alaska is conditioned upon meeting the prescribed requirements of this jurisdiction. The mere fact that a lawyer is licensed to engage in the general practice of law in one state does not give him a vested right to freely exercise such license in this state or any other state.[2] Study of the text of AS 08.08.140 and Alaska Bar Rule 2, Section 2(f) clearly indicates that the fact an applicant is licensed to practice law in another state was deemed insufficient in and of itself to provide the basis for admission to the Alaska Bar Association. In short, I agree that petitioner's admission to the Montana Bar under the diploma privilege provisions of section 93–2002 of the Revised Codes of Montana cannot be equated with the passage of a bar examination, usually administered by a state bar association, required by AS 08.08.140 and Alaska Bar Rule 2, Section 2(f).[3]

On the other hand I find I cannot agree with the majority's conclusion that AS 08.08.140(1)'s "has passed a state bar examination," or AS 08.08.130(6) (A)'s "has

passed a bar examination of another state" are inherently confusing and inconsistent when compared to Alaska Bar Rule 2, Section 2(f) [1]'s "passed a state bar examination." Nor can I agree with the majority's view that a legislative standard, even if confusing and inconsistent with a standard previously established by this court, will be accepted if it adds substantively to the previously established judicial standard. In my view the position adopted by the majority is inconsistent with their own rule of decision in *Application of Brewer*,[4] *Application of Johnson*,[5] and *Application of Hanson*.[6] In these cases the majority accepted a legislative standard which created confusion and inconsistency with the standard for admission which was promulgated by this court.[7] By virtue of the decisions in these three cases, the majority adopted a legislative criterion which altered and significantly relaxed this court's own standard by eliminating the requirement that an applicant have successfully passed a bar examination given by the Board of Governors of the Alaska Bar Association.

the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, [3] is a graduate of a law school accredited by the American Bar Association, or is a graduate of any accredited law school if he has been engaged in the active practice of law for at least ten years, and [4] meets the character requirements established by the Board, such applicant need not take an examination, provided he also satisfies the requirements of the foregoing subsections of this section.

2. In re Avery's Petition, 44 Haw. 597, 358 P.2d 709, 710 (1961) ; Baker v. Varser, 240 N.C. 260, 82 S.E.2d 90 (1954) ; State ex rel. Boynton v. Perkins, 138 Kan. 899, 28 P.2d 765 (1934).

3. In Application of Brewer, 430 P.2d 150, 152 (Alaska 1967), this court said in part:
Bar examinations are commonly used throughout the states as a test of one's fitness to advise and represent clients in legal matters. When one fails to pass an appropriate and properly administered examination, it is not unreasonable to say that he has demonstrated his lack of proficiency in law so as to justify denying him the right to be admitted to the bar.

4. 430 P.2d 150, 153 (Alaska 1967).

5. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, pp. 87–88 (June 1966).

6. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, p. 87 (June 1966).

7. See SLA 1965, ch. 47, § 1(6).