Application of James G. ST. AMOUR for Admission to the Alaska Bar Association.

No. 989.

Supreme Court of Alaska.

Jan. 20, 1969.

James G. St. Amour, Anchorage, in pro. per.

Victor D. Carlson, Anchorage, for Alaska Bar Association.

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

OPINION

PER CURIAM.

Petitioner was denied admission to the bar of Alaska on reciprocity by the Board of Governors of the Alaska Bar Association on the ground that he had not passed a bar examination of another state as required by AS 08.08.130 or AS 08.08.140.

Petitioner graduated from the School of Law, Montana State University in 1952 and was admitted to the bar of that state by virtue of a Montana statute which provided that a graduate of Montana State University School of Law should be entitled to be licensed to practice law in Montana unless the chief justice or the supreme court ordered an examination of the type required to be taken by non-graduates.[1]

Since the pertinent facts of this case are identical with those in Application of Steelman,[2] decided by this court on January 3, 1969, we shall make the same disposition that we did in *Steelman*.

The order of the Board of Governors is affirmed.

RABINOWITZ, Justice (concurring).

I concur in this court's affirmance of the Board of Governors of the Alaska Bar Association's decision that appellant is ineligible for admission to the Alaska Bar Association under the provisions of AS 08.08.130 and AS 08.08.140. In regard to AS 08.08.140 and Rule II, Section 2(f), Alaska Bar Rules which provide for admission by reciprocity, I am of the view that the Board of Governor's decision should be sustained for the reasons stated in my concurrence in the *Steelman*[1] opin-

---

1. Revised Codes of Montana § 93–2002.

2. Alaska, 448 P.2d 817.

1. Alaska, 448 P.2d 817.

**674**

ion. Here, as in *Steelman,* appellant seeks to equate the Montana statutory diploma privilege with passage of a state bar examination.

AS 08.08.130(6) (A) established as a prerequisite for admission to the Alaska Bar that the applicant "has passed a bar examination of another state or the District of Columbia." *Steelman* also controls this aspect of the Board of Governor's decision. Additionally, I consider it appropriate to reiterate my previously expressed conclusion that AS 08.08.130 cannot be used as a basis for admission to the Alaska Bar Association.[2]

2. In Application of Brewer, 430 P.2d 150, 153 (Alaska 1967); Application of Johnson, (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, pp. 87–88 (June 1966); Application of Hanson, (Supreme Ct.), Alaska L. J., Vol. 4, No. 6, p. 87 (June 1966), I expressed the view that AS 08.08.130(6) significantly altered and relaxed the standards established by this court in R. II, Rules of the Alaska Bar Association. It was my belief that this alteration and relaxation resulted from the legislature's elimination of the requirement that an applicant successfully pass a bar examination given by the Board of Governors of the Alaska Bar Association.