## Application of Richard B. COLLINS for Admission to the Alaska Bar Association.

### No. 993.

Supreme Court of Alaska.

March 21, 1969.

J. H. Shortell, Anchorage, for petitioner.

Victor D. Carlson, Anchorage, for respondent.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Petitioner applied for and was denied admission to the Alaska Bar under the provisions of ch. 47, SLA 1965.[1] The certification of the Board of Governors states:

1. In the opinion of the Board of Governors "it is not in the best interests of those served by the legal profession" that any applicant, or this applicant, be admitted to practice law in Alaska under the provisions of AS 08.08.130(6) at this time, and the application of Richard B. Collins has been and the same is hereby denied.

Finding of Fact No. 21 of the Board of Governors states:

21. As a whole, the applicant's limited general practice from February 16, 1955 through March 25, 1955, his foreign study, his failure to pass the Alaska Bar

[1]. § 1, ch. 47, SLA 1965 stated:

A person is eligible for admission to the Alaska Bar of [sic] he

(1) is a citizen of the United States;

(2) is over 21 years of age;

(3) has been a resident of the state for at least 60 days before the date of application for admission by examination or by reciprocity, and the date for the examination for admission or the date for certification by the board that the person be admitted by reciprocity shall be at least 90 days after the application is made;

(4) is a graduate of a law school approved by the American Bar Association or has completed a clerkship in the manner required by sec. 135 of this chapter; and

(5) has pased a bar examination given by the Alaska Bar; or

(6) meets the requirements in (1)–(4) of this section, and

(A) has passed a bar examination of another state or the District of Columbia;

(B) is a member in good standing of the bar of the state or the District of Columbia;

(C) has been a resident of Alaska for at least three years before petitioning the court to be admitted;

(D) has been actively employed in Alaska by a law firm or the state or federal government in work of a legal nature for at least three consecutive years;

(E) the supreme court determines that it is in the best interest of those served by the legal profession that he be admitted, except that nothing in this paragraph shall permit the admission of an attorney who after June 30, 1965 has taken and failed to pass the Alaska bar examination.

examination on three different occasions, the limited experience and knowledge obtained while a district magistrate and district judge and in a relationship other than attorney and client from February 13, 1961 to the present, indicate that the applicant should not be permitted to practice law in the State of Alaska without a showing by examination that the applicant is qualified to serve the public as an attorney.

The Board of Governors concedes that the applicant had satisfied all of the requirements then in force with one exception—that in the opinion of the Board he had failed to demonstrate how "it is in the best interests of those served by the legal profession that he be admitted" to practice law in Alaska.

Petitioner contends that since the Board concedes that he has satisfied all of the requirements of Sec. 1 of ch. 47, SLA 1965 except that of public interest, that he be admitted on the authority of this court's decision in *Application of James A. Hanson*.[2] Petitioner argues that the facts of his case are identical with those before the court in *Hanson* and that in the final analysis, under the specific provisions of subsection (6) (E) of Sec. 1 of ch. 47, SLA 1965, it is this court which must determine whether or not it is in the best interests of those served by the legal profession that he be admitted.

In *Application of Houston*[3] this court stated that it assumed jurisdiction of admission matters under that provision of the Alaska Constitution which vested judicial power of the state in the supreme court and under the rule followed by the great majority of states holding that the supreme court of a state has the inherent and final power and authority to determine the standards for admission to the practice of law in that state. We stated:

> In adopting the majority rule, we·recognize that the legislature may enact laws

governing admission to practice law but hold that it may not require this court to admit on standards other than those accepted or established by the court.

In *Application of Brewer*[4] this court stated that whether or not it would accept legislative standards or rules for admission to the practice of law depended upon whether they had a rational connection with an applicant's fitness to practice law in Alaska. In that case it was held that there was a rational connection between the legislative standard at issue and the applicant's fitness to practice law in Alaska and the decision of the Board of Governors was upheld. In *Application of James A. Hanson*[5] this court again recognized a legislative standard in overruling the decision of the Board of Governors.

In the matter now before us the sole question is whether or not it is in the best interest of those served by the legal profession that Richard B. Collins be admitted to the practice of law. The final determination of this question, by the specific wording of the statute, is the sole responsibility of this court. The provision is a statutory recognition of what this court has consistently held to be its inherent power with respect to admissions.

Petitioner was 34 years of age at the time of his application. He attended the University of Kansas from 1946 to 1950, receiving his B.A. degree. He continued his studies at that university and received his LL.B. degree in 1954. He served in the United States Navy from 1951 to 1953. He was admitted to the bar of Kansas in 1955. From 1955 to 1957 and again during the winter semester of 1958–1959 he was a student at the Graduate Institute of International Studies at Geneva, Switzerland. He has resided in Alaska since June of 1960 and has been continuously employed by the Alaska Court System since February 13, 1961, as a district magistrate and district judge.

2. File No. 678, Order entered March 14, 1966.

3. 378 P.2d 644, 645 (Alaska 1963).

4. 430 P.2d 150, 152 (Alaska 1967).

5. File No. 678, Order entered March 14, 1966.

In this court's opinion it is in the best interests of those served by the legal profession that petitioner be admitted to the bar of Alaska.

Concededly, his qualifications satisfied all of the formal requirements of the law as it read at the time of his application. His formal legal education exceeded that required for admission. For over seven years he had served as a judge in the busy Anchorage district court.[6] In this capacity he sat as judge in the trial of criminal misdemeanor cases and in the trial of civil cases involving sums up to $3,000. His duties also required him to conduct arraignments in felony cases and handle juvenile matters. The steadiness and efficiency with which he discharged these highly responsible judicial duties over the years is evidenced in the record by the written testimony of superior court judges of the Alaska Court System and members of the Alaska Bar.

The Board's principal objection to petitioner's admission is that he took and failed three bar examinations in Alaska. These failures occurred prior to the cutoff date of June 30, 1965, established in subsection (6) (E).[7]

Petitioner's failure to pass three bar examinations is a fact which must be considered to be adverse to his general qualifications. Under the particular facts of this case, however, it cannot be held to be controlling. Subsection (6) (E) of ch. 47, SLA 1965 provided by inference that if an applicant otherwise satisfied the requirements of that law, the fact that he may have failed a bar examination previous to June 30, 1965, would not be a bar to his admission. In *Application of Brewer* [8] this court held that the statutory cutoff date thus established had sufficient rational connection with an applicant's general qualifications to be recognized by this court.

Since petitioner had met all of the formal requirements of the law at the time of his application for admission, and since it appears to be in the best interests of those served by the legal profession that he be admitted, his application for admission as an attorney at law to practice law in the courts of the state of Alaska and to membership in the Alaska Bar Association is granted.

RABINOWITZ, Justice (dissenting).

I must adhere to the position I adopted in my dissenting opinions in *Application of Brewer,*[1] *Application of Johnson,*[2] and *Application of Hanson.*[3] In the course of these dissents, I concluded that SLA 1965, chapter 47, section 1(6) could not furnish a basis for admission to the Alaska Bar Association. I reached this conclusion because:

A comparison of the provisions of SLA 1965, ch. 47, with the standards for admission established by Rule II, Rules of the Alaska Bar Association, discloses that chapter 47 has significantly altered and relaxed the standards accepted by this court when it approved Rule II, Rules of the Alaska Bar Association. The salient alteration effected by chapter 47 is its elimination of the requirement that the applicant successfully pass a bar examination.[4]

An additional reason for my position was that prior to the *Hanson* and *Johnson* cases this court had held in *Application of Houston* [5] that

the legislature may enact laws governing admission to practice law but hold that it may not require this court to admit on

---

6. Prior to enactment of ch. 24, SLA 1966 these courts were designated as district magistrate courts.

7. Quoted *supra* note 1.

8. 430 P.2d 150, 152 (Alaska 1967).

I. 430 P.2d 150, 153 (Alaska 1967).

2. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, pp. 87–88 (June 1966).

3. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, p. 87 (June 1966).

4. Application of Hanson, (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, p. 87 (June 1966) (footnote omitted).

5. 378 P.2d 644–645 (Alaska 1963) (footnotes omitted).

standards other than those accepted or established by the court.

In my view, the legislature's repeal of subsection (6), section 1, of chapter 47, SLA 1965 will have a salutary effect in regard to admission questions.[6] For now the legislative standards embodied in AS 08.08.130 bear a rational relation to the problem of determining an applicant's fitness to practice law in Alaska.

I would affirm the Board of Governor's decision denying petitioner admission to the Alaska Bar.