CARLTON, Justice.
Petitioner, member of the Massachusetts Bar and a resident of Florida, seeks amendment of Article IV, Rules Relating to Admission to The Florida Bar, so as to exempt from written examination, under certain conditions, applicants previously admitted to the practice of law in other *768 jurisdictions. The Florida Bar has appeared in opposition to the proposed amendment and numerous subordinate Bar Associations have filed resolutions hostile to the petition.
Petitioner contends that our admission policy requiring examinations as to knowledge of law is violative of Article IV and Amendment XIV of the Constitution of the United States; that this policy penalizes Florida attorneys because it denies them whatever advantages may devolve from interstate reciprocal relationships regarding bar admission privileges; and that it imposes undue hardship upon those admitted to practice in other States who seek to practice in Florida. The following excerpt gives the gist of what petitioner proposes as an amendment of Article IV, Section 22 of the Admission Rules:
“(d) Attorneys who were in good standing in any of the states of the United States and the District of Columbia, and who had practiced law in any such state for not less than seven years and who have resided for not less than one year in this State immediately before filing an application to be admitted to practice here, may be admitted to practice in this State, without examination as to his knowledge of the law, upon complying with other requirements as set out in governing admission to The Florida Bar, (if the state from which the applicant came allows reciprocal privileges to Florida attorneys). * * *
>¡c ^ j|c jfc >|c
“Upon applicant’s admission, he shall thereupon, in open court, take and subscribe "to oaths required of attorneys at law.”
We decline to so amend Article IV. Petitioner’s contention that our examination policy violates Federal Constitutional standards is utterly devoid of merit. Bar admission rules are matters solely within the province of the States, and the right to practice law in State courts is- not a privilege granted under the Federal Constitution. Kovrak v. Ginsburg, 358 U.S. 52, 79 S.Ct. 95, 3 L.Ed.2d 46 (1958) [dismissing for want of substantial federal question appeal from Supreme Court of Pennsylvania in Bar matter case, Ginsburg v. Kovrak, 392 Pa. 143, 139 A.2d 889 (1958)]; Starr v. State Board of Law Examiners of Indiana, 159 F.2d 305 (7th Cir. 1947); Baker v. Varser, 240 N.C. 260, 82 S.E.2d 90 (1954).
No federal interests arise save when federal guarantees of due process and equal protection appear to be thwarted by particular admission rules adopted by a State or by the manner in which these rules are applied. Schware v. Board of Bar Examiners of New Mexico, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957) ; Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957). Petitioner does not allege that our examination policy thwarts any federal guarantees in any particular way. She finds offense merely in the fact that she must submit to an examination as to her knowledge of law even though she had already been admitted to practice in Massachusetts. Another Massachusetts attorney was similarly offended by the Hawaii Bar Admission Rules; see Application of Avery, 44 Haw. 26, 352 P.2d 607 (1959) wherein the Supreme Court of that State declined to amend or waive its admission rules requiring written examination; see also Application of Avery, 44 Haw. 597, 358 P.2d 709 (1961) wherein that Court again declined to amend its rules.
We do not doubt that petitioner is qualified to practice in Massachusetts. But it does not follow that she should, therefore, be admitted into practice here without examination. As indicated earlier, admission to practice is a matter inherently within the judgment of the admitting State. Our Bar exists as an agency of the judicial branch of the government of this State. Petition of Florida State Bar Ass’n., 40 So.2d 902 (Fla.1949). By admission to the Bar one *769 becomes an officer of the Court. The practice of law here is intimately connected with the exercise of judicial power in the administration of justice. This is well recognized. Dacey v. Florida Bar, Inc., 414 F.2d 195 (5th Cir. 1969). We see it clearly as our duty to admit to this special position of obligation and trust only those applicants, whether from Florida schools or elsewhere, who can satisfactorily demonstrate their credentials through a test of competence given under our supervision and control.
We have examined our present policy anew and have determined that our rules and examinations are administered with fairness to all and favor to none. We have reviewed statistics on record with the Board of Bar Examiners here in Tallahassee, and we have found that currently, and for the past ten years, an applicant coming from out-of-state has had relatively the same high chance of passing the Bar examination as any other applicant. We note that applicants for admission are not required to be residents of Florida and that we have no mandatory probationary period which an applicant must stand before he can be admitted. We also note that an attorney from another jurisdiction desiring to attend to particular matters of law within this State may do so without having to take the Bar examination. See Rule 2.3(b), F.A.R., 32 F.S.A.
Having determined that our examination rules do not violate petitioner’s constitutional rights, and that our examination policy is in the best interests of the people of the State of Florida, and the judicial branch of our government, we, therefore, decline to amend Article IV, Rules Relating to Admission to The Florida Bar as suggested by petitioner. The petition is denied.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, THORNAL, ADKINS and BOYD, JJ., concur.