Application of Clyde C. HOUSTON for Admission to the Alaska Bar Association.

No. 325.

Supreme Court of Alaska.

Feb. 15, 1963.

Clyde C. Houston, petitioner in pro. per.

Karl L. Walter, Jr., Fairbanks, for Bd. of Governors.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

On October 12, 1961 petitioner applied to the Board of Governors of the Alaska Bar Association for certification to the supreme court for admission to the practice of law in Alaska on reciprocity and without examination. This application was denied on December 6, 1961 on the ground that the state of Washington does not have reciprocity with the state of Alaska.

In July of 1962 petitioner requested reconsideration of the board's decision. On December 7, 1962 he was advised that the board had reconsidered and again denied his petition on the sole ground that as a condition to granting reciprocity the state

of Washington required that all applicants take either a general examination or a lawyer's examination. Petitioner was advised that he was eligible to take a special lawyer's examination which would be given on January 21, 1963. Petitioner's qualifications under the reciprocity provisions of Alaska law were not questioned by the board.

On December 11, 1962 petitioner applied directly to this court for admission to the practice of law. A statement in opposition to the petition was filed on behalf of the Board of Governors on January 12, 1963. On January 16, 1963 this court issued an order granting the petition and advising that an opinion would be published at the court's earliest convenience.

Petitioner's case is unusual in that he has since December 7, 1960 been practicing law in the courts of Alaska as an attorney on the staff of the Attorney General of Alaska. This came about because of an acute shortage of available experienced trial lawyers at the time the Attorney General was attempting to staff the various district attorney offices throughout the state prior to the inception of the Alaska Court System. By resolution dated January 24, 1960 the Board of Governors agreed to certify to the supreme court that members of the bar of another state employed by the Attorney General could appear in the courts of Alaska so long as they represented the state and its agencies. The resolution provided that such representation of the state and its agencies should not be deemed to be the private practice of law.[1] Pursuant to this

waiver petitioner, who had practiced law in the state of Washington since March 27, 1953, was employed on December 7, 1960 to serve as an attorney on the staff of the Attorney General in Juneau. On February 23, 1961 he was transferred to Anchorage where he has since served as Assistant District Attorney. Judging by the letters written to this court by the trial judges before whom he regularly appears, and from the many letters written to us by members of the Alaska Bar Association, petitioner is an able, qualified lawyer.

The position taken by the Board of Governors is that under applicable law petitioner is not entitled to admission in Alaska on reciprocity without examination because Washington, his former state of practice, requires all applicants for reciprocity to take an attorney's examination. The board contends that if Washington requires such an examination, Alaska should also require one.

We have taken jurisdiction pursuant to that provision of the Alaska Constitution vesting the judicial power of the state in this court[2] and under the rule followed by the great majority of the states which holds that the supreme court of a state has the inherent and final power and authority to determine the standards for admission to the practice of law in that state. In adopting the majority rule, we recognize that the legislature may enact laws governing admission to practice law but hold that it may not require this court to admit on standards other than those accepted or established by the court.[3]

---

1. For validity, this resolution stated that it relied on the authority contained in SLA 1955, ch. 196, §§ 7, 12 which state:
   "Section 7. Powers of Governors. The Board of Governors shall have power to adopt reasonable rules having the force and effect of law:
   \* \* \* \* \*
   "g. Defining the practice of law \* \* \*.
   "Section 12. Who May Practice Law. No person shall engage in the private practice of law in Alaska subsequent to the effective date of this Act unless he shall be an active member of the Alaska

Bar. A member of the Bar in good standing in other jurisdictions may be entitled to appear in the courts of Alaska under such rules as the Board of Governors may prescribe."

2. Alaska Const. art. IV, § 1 states in part:
   "Section 1. The judicial power of the State is vested in a supreme court \* \* \*."

3. Brydonjack v. State Bar, 208 Cal. 439, 281 P. 1018, 66 A.L.R. 1507 (1929); Application of Kaufman, 69 Idaho 297, 206 P.2d 528 (1949) in which authorities on the subject are exhaustively analyzed.

At the time we granted the petition we were of the view that the board's requirement that petitioner must take an attorney's examination had no rational connection with his fitness to practice law in Alaska in view of the peculiar facts of this case.

■ In our view an attorney's examination is not an unreasonable requirement. It may very well be the best method of satisfying an examining board that the applicant for reciprocity has a working knowledge of the law of the particular state to which he is making application. However, the taking of such an examination was not a requirement for reciprocity in Alaska at the time petitioner made application. It appeared to us that the requirement was imposed in this case only because Washington has a similar requirement and not for the purpose of determining whether petitioner had a sufficient working knowledge of the law in general or of the law of Alaska. He had already satisfied the board in these respects. On these facts we concluded that

the action of the board was a denial of due process under the Fourteenth Amendment.[4] Our views in this respect have not changed.

Further study of the case has convinced us that the petition should have been granted for yet another reason; that the board had no authority to require petitioner to take an examination under the facts of this case.

Eligibility for admission to the Alaska Bar is governed by section 9 of the Alaska Integrated Bar Act.[5] The board argues that the introductory paragraph of section 9 and subsection 9(a) are not precisely worded and should be given a general construction that would permit Alaska to treat applicants from another state exactly the same as that state would treat applicants from Alaska.

■ Such a construction is not warranted by the wording of our act insofar as examinations are concerned. We find that the subsections clearly provide that an applicant for reciprocity shall not be required to take an examination *unless* he has failed to satis-

4. Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed. 2d 796, 801–802 (1957).

5. SLA 1955, ch. 196, § 9, as amended by SLA 1957, ch. 33, § 1, as amended by SLA 1960, ch. 178, § 4 states:
"Section 9. Eligibility for Admission. Any person may apply and shall be eligible for admission to the Alaska Bar, upon examination or by reciprocity as provided in this Act, if such person (1) is a citizen of the United States, over 21 years of age, and has been a resident of Alaska for at least 90 days prior to the date of application for admission by examination or by reciprocity, and the date for the examination for admission or for certification by the Board of Governors that the person be admitted on reciprocity shall be at least 90 days after the application is made; and (2) is a graduate of a law school approved by the American Bar Association, or is an attorney in good standing in the Bar of another state or territory, or has completed a clerkship in the manner which was required by Sec. 35-2-44, ACLA 1949, which clerkship was commenced prior to January 1, 1956.
"(a) Reciprocity. Attorneys in good standing in the Bar of another state or

territory or the District of Columbia, which admits members of the Alaska Bar to the practice of law therein, shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in their respective jurisdictions for the admission of attorneys from Alaska; Provided, however, that as a prerequisite to admission to the Alaska Bar the Board shall require any such attorneys to take and pass an examination, unless the applicant has (1) passed a state bar examination, (2) engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) is a graduate of a law school accredited by the American Bar Association; provided that ten years active practice of law shall be deemed equivalent to graduation from an accredited law school for the purposes of this subsection, and (4) meets the character requirements determined by the Board. This proviso shall not be applicable to those attorneys whose applications were completely submitted prior to May 29, 1959, but shall be applicable to those attorneys whose applications were or are completed thereafter."

fy the board that he has all of the four qualifications named in the proviso clause of subsection 9(a).

The first wording of section 9 states:

"Any person may apply and shall be eligible for admission to the Alaska Bar, *upon examination or by reciprocity* as provided in this Act * * *." (Emphasis ours.)

The above wording clearly provides two different methods by which admission to the Bar of Alaska may be accomplished—upon examination *or* by reciprocity.

The first wording of subsection 9(a) states in pertinent part:

"Reciprocity. Attorneys in good standing in the Bar of another state * * * which admits members of the Alaska Bar * * * shall be admitted *without examination* and *otherwise upon substantially the same terms and conditions* as are fixed in their respective jurisdictions for the admission of attorneys from Alaska * * *." (Emphasis ours.)

The emphasized portion seems clear and unambiguous. Admission shall be without examination. Otherwise admission shall be upon substantially the same terms and conditions as are fixed in their respective jurisdictions for the admission of attorneys from Alaska. The words "without examination" must be ignored to accommodate the board's theory that applicants should be treated in the same manner that their state would treat Alaska applicants.

This brings us to the proviso clause of subsection 9(a) which states in part:

"Provided, however, that as a prerequisite to admission to the Alaska Bar the Board shall require any such attorneys to take and pass an examination, *unless* the applicant has (1) passed a state bar examination, (2) engaged in the active practice of law for at least five out of the previous six years before filing the application * * * (3) is a graduate of a law school accredited by the American Bar Association * *

(4) meets the character requirements determined by the Board. * * *" (Emphasis ours.)

 This proviso modifies the preceding and requires that an examination *shall* be given *if* the applicant is found to be not qualified as to any one of the four conditions. If the board finds that applicant *is* qualified as to all of the conditions he shall be admitted *without examination* and otherwise upon substantially the same terms and conditions as are fixed in his jurisdiction for the admission of Alaska attorneys. Since petitioner was found to have satisfied all of the qualification requirements in the proviso clause he could not be required to take an examination.

The Clerk of this court will therefore prepare a certificate of admission for delivery to petitioner upon his taking the required oath.