**Application of Clem Harrison STEPHEN-SON for admission to the Alaska Bar Association.**

No. 1740.

Supreme Court of Alaska.

Dec. 5, 1973.

Edgar Paul Boyko, of Edgar Paul Boyko & Associates Anchorage, for appellant.

Mary F. LaFollette, Anchorage, for Alaska Bar Association.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

RABINOWITZ, Chief Justice.

The principal issue raised by appellant Clem Stephenson in this appeal is whether the Multi-State Bar Examination constituted an attorney bar examination within the intendment of Alaska Bar Rules, Part I, Rule 2, Section 2 and our opinion in In re Stephenson, 511 P.2d 136, 143, 144 (Alaska 1973).

Although most of the pertinent factual background was explained in our first opinion in this matter, we think it necessary to set forth the factual context from which this matter again comes before us. After practicing law for 35 years in the State of Oklahoma Stephenson moved to Alaska in 1969. At the time he moved, Stephenson thought he would be able to gain admittance to the Bar of Alaska on

the basis of reciprocity pursuant to AS 08.-08.140. In November of 1969, he filed an application for admission to the Alaska Bar Association. Thereafter, in June of 1970, he was advised by the Board of Governors that his application had been rejected for failure to meet certain character requirements. A hearing was subsequently held, and the officer cleared Stephenson of the moral character charges and concluded that he was entitled to admission. In November of 1971, the Board of Governors adopted the hearing officer's findings of fact concerning the character allegations, but concluded that Stephenson was ineligible for admission under Bar Rule II because he was not a graduate of an accredited law school.[1]

Stephenson then appealed to this court from the Board of Governors' refusal to certify him for admission to practice law in the State of Alaska. After hearing oral argument, we affirmed the Board of Governors' rejection of Stephenson's application on June 25, 1973.[2] As part of his attack upon the ruling of the Board of Governors in this first appeal, Stephenson asserted that

> . . . a general bar examination is unfair to an experienced attorney . . . that such examinations are designed to test the knowledge of recent graduates who have just completed years of study

covering a wide variety of subjects. The experienced practitioner on the other hand normally tends to specialize to a certain degree, so that over the years he no longer retains in mind details pertaining to other subjects. It thus becomes more difficult for him to pass a general bar examination as he practices longer. Applicant contends that he should be entitled to take a special "lawyer's examination." [3]

In response to these contentions, we said in *In re Stephenson* that:

> While it may be preferable to have an attorney's examination separate from the examination of those not previously admitted to a bar, there is no authority that the requirement of passing a uniform examination violates any constitutional right.[4]

We went on to note that subsequent to the filing of the appeal the Alaska Bar Association recommended new admission rules for adoption by the Supreme Court of Alaska. The new admission rules were promulgated by this court on June 8, 1973, approximately two weeks prior to the publication of our opinion in *In re Stephenson*. The new bar examination rules provide for a separate attorney bar examination for licensed attorneys who meet specified qualifications.[5]

---

1. Additional evidence was submitted to the Board of Governors and the decision on Stephenson's application was reaffirmed in January of 1972.

2. In re Stephenson, 511 P.2d 136 (Alaska 1973).

3. *Id.* at 143.

4. *Id.*

5. The new Alaska Bar Rules, Part I, Rule II, Section 2, promulgated June 8, 1973, provide:

    An applicant who meets the requirements (a) through (f) of Section 1 of this Rule and

    (a) Has passed a written examination required by another state, territory or the District of Columbia for admission to the practice of law, and

    (b) Has engaged as a licensed attorney in the active practice of law in one or more states, territories or the District of Columbia for five of the seven years immediately preceding the date of his first application for admission to the practice of law,

    may, on the date of filing the application request examination as an attorney applicant. An applicant qualified for examination as an attorney applicant shall be required to pass the attorney bar examination prescribed by the Board.

    Order No. 161, by which this court promulgated the new admission rules, contained a proviso which read:

    PROVIDED FURTHER, that applications for reciprocity filed under provisions of the former rule, shall be accepted for a period of 75 days after the effective date of these rules,

In light of this rule, we observed that Stephenson

> . . . may now take an examination to be designed specifically for practicing lawyers, rather than being subjected to any possible unfairness involved in requiring him to pass the general examination.[6]

After publication of *In re Stephenson,* the Board of Governors of the Alaska Bar Association, on July 10, 1973, selected the Multi-State Bar Examination to serve as the attorney bar examination, pursuant to Alaska Bar Rules, Part I, Rule 2, Section 2.[7] Stephenson then filed, on July 19, 1973, an "Application For Mandatory Injunction." In this application, Stephenson asked, by way of relief, that the Supreme Court of Alaska

> . . . exercise its supervisory power over the Alaska Bar Association Board of Governors by ordering said Board to permit Applicant to take the "Alaska Section" of the Alaska Bar Examination . . . which will be given on or about July 26, 1973, . . . as an "Attorney Examination" to determine whether Applicant has a working knowledge of the

law of the state to which he is making application for admission.[8]

The application then came on for hearing before a single justice of this court. At the conclusion of the hearing, Justice Roger G. Connor entered an order denying Stephenson's application. In part, the order entered by Justice Connor stated:

> There appears to be agreement between the parties that Mr. Stephenson may take both the Multi-State Bar Examination and the Alaska Section of the Bar Examination. In this manner Mr. Stephenson's rights will be preserved in the event that it is later determined that one or the other section of the examination was the appropriate one for him to take. Accordingly, there is no need for the issuance of a mandatory injunction in order to protect Mr. Stephenson's rights.

Stephenson then took the Multi-State Bar Examination on July 25, 1973, and the Alaska Section consisting of three essay questions on the afternoon of July 26, 1973. Then, on September 21, 1973, prior to disclosure of the results of the July 1973, Alaska Bar Examination, Stephenson filed

---

and, PROVIDED FURTHER, that applicants for examination filed no fewer than 75 days prior to July 24, 1973, shall be considered applications for the July, 1973 examination.

These provisions enabled Stephenson to file for an attorney examination scheduled to be given in late July 1973.

6. In re Stephenson, 511 P.2d 136, 144 (Alaska 1973).

7. On June 29, 1973, Stephenson filed an "Application for Speedy Examination and Appointment of Examiners." In this application Stephenson requested that he be given an attorney bar examination "at the earliest possible time," and that this court "appoint and designate a fair and impartial Board of Examiners composed of competent attorneys, or judges, in Alaska to prepare, administer and grade a Lawyer's Examination for this applicant."

On July 10, 1973, this court entered an order denying Stephenson's application. We concluded that there had been no showing that applicant had been denied the right to take an attorney's examination, and that an

attorney's examination was scheduled to be given by the Alaska Bar Association on or about July 24, 1973. We further concluded there had been no showing of bias or prejudice on the part of any member of the Board of Governors and, accordingly, it was "unnecessary for the Supreme Court to intervene with reference to the functions of the Board in securing the preparation and grading of an attorney's examination."

8. In part, Stephenson asserted in support of this application for mandatory injunction that the Multi-State Bar Examination is designed to test the knowledge of recent graduates and would not determine whether an applicant has a working knowledge of the law of the particular state to which he is making application. Stephenson further stated he was willing to take the Alaska Section of the July, 1973, Alaska Bar Examination as an attorney bar examination but that the Board of Governors refused his request to do so. Stephenson's theory here was that the Alaska Section was the "only portion of said examination that would determine the knowledge of the applicant of the law of the State of Alaska."

a "Motion for Decision" in which he requested that this court

> . . . enter an Order herein prior to October, 1973, determining that the Alaska Section of the July, 1973, Alaska Bar Examination shall be the 'Attorney Bar Examination' used to determine the qualifications of this applicant for admission to the practice of law in Alaska.[9]

Prior to any decision being reached by this court in regard to Stephenson's motion for decision, and the Board of Governors' opposition thereto, the results of the July 1973, Alaska Bar Examination were made public. Stephenson was informed that he had passed the Alaska Section but that he had failed the Multi-State Bar Examination portion of the Alaska Bar Examination.[10]

We must now decide whether the Board of Governors was correct in its determination that the Multi-State Bar Examination portion of the July 1973 bar examination constituted an attorney bar examination. We are of the opinion that it did not. We are of the further view that Stephenson is correct in his contention that the Alaska Section of the July 1973 examination most nearly accords with the concept of an attorney bar examination envisioned by this court in *In re Stephenson*.

In *In re Stephenson*, we alluded to the fact that the new bar admission rules provided for a separate attorney bar examina-tion and that Stephenson could now "take an examination to be designed specifically for practicing lawyers, rather than being subjected to any possible unfairness involved in requiring him to pass the general examination."[11] Based on our understanding of the content of the Multi-State Bar Examination, we are unable to characterize this examination as one designed specifically for practicing attorneys.

■ The Multi-State Bar Examination is prepared and graded by Educational Testing Service. It is a 200 question multiple choice examination covering five general law subjects—contracts, torts, criminal law, property and evidence. The examinee must choose the correct answer from four choices for each question. The answers are ostensibly based on the majority rule as to a given issue. The questions are geared to recent law school graduates by requiring knowledge of narrow academic principles of law rather than principles used in the general practice of law. Given the pressing time constraints of the Multi-State Bar Examination and the format of the questions employed, we think the Multi-State is closer in character to a general bar examination than it is to an attorney bar examination designed specifically for practicing lawyers.

■■ We are fully cognizant that due to the short period of time between the promulgation of the new bar admission

---

9. In an affidavit filed in support of this motion, Stephenson asserted in part that:

> Applicant is informed that the results of such examination will be determined and announced on, or shortly after, October 1, 1973. Applicant does not believe it would be fair to this Honorable Court, to applicant, or to the Board of Governors of the Alaska Bar for any of said parties to know the outcome of such examinations before the Court decides the question as to which of said examinations is to be decisive in said matter.

10. Stephenson received a grade of 72.67% on the three essay questions which comprised the Alaska Section (70% was established as the passing grade). He achieved a grade of 80% in criminal law, 73 in civil procedure, and 65 in torts.

> The Multi-State Bar Examination was graded according to a formula related to the highest and lowest grades received by candidates on the essay portions of the examination. Non-attorney applicants responded to the Multi-State, three of the four half-day California Bar Examination essay sessions and the half-day Alaska essay session.
> Stephenson's grade on the Multi-State Bar Examination was 60.7%, covering the five subject areas of contracts, torts, criminal law, property and evidence. Stephenson's Multi-State score was given double weight in accordance with the time spent on it and averaged with his Alaska Section score. This resulted in a failing score of 64.7%.

11. In re Stephenson, 511 P.2d 136, 144 (Alaska 1973).

rules, publication of our opinion in *In re Stephenson,* and the July 24, 1973, date for commencement of the Alaska Bar Examination, the Board of Governors did not have adequate time to design an attorney bar examination for practicing lawyers. Further, our holding in the instant case is made with the understanding that, under Alaska Bar Rules, Part I, Rule 2, Section 2, the Board of Governors has the duty and authority to prescribe, for future attorney bar examinations, the content of a fair attorney bar examination designed specifically to test the knowledge of the practicing lawyer. Although we think any detailed directions to the Board of Governors as to the content of the attorney bar examination would be inappropriate at this time, we believe mention of Application of Houston, 378 P.2d 644, 646 (Alaska 1963) should be made. In that case we said in part:

> In our view an attorney's examination is not an unreasonable requirement. It may very well be the best method of satisfying an examining board that the applicant for reciprocity *has a working knowledge of the law of the particular state to which he is making application.* (Emphasis added.)

We recognize that this language conveys too limited a conception of the appropriate components of an attorney bar examination. Under the new bar admission rules, the Board of Governors could properly decide that a fair attorney bar examination must require demonstration of a knowledge of Alaska law and general principles of law. On the other hand, given the particular factual and procedural context of this case, we hold that the Multi-State Bar Examination was not an attorney bar examination as contemplated by this court in *In re Stephenson.* In reaching this conclusion, we reject the Board of Governors assertion that by virtue of Alaska Bar Rules, Part I, Rule 2, Section 2 the Board was granted unlimited discretion to prescribe the content of attorney bar examinations.

■ We conclude that in the particular factual circumstances of this case, the Alaska Section of the Alaska Bar Examination given in July of 1973 more nearly approaches the attorney bar examination contemplated in *In re Stephenson* and provided for by Alaska Bar Rules, Part I, Rule 2, Section 2. Therefore, since Stephenson achieved a passing grade on the Alaska Section of the bar examination, an order should be entered certifying him to this court for admission to the Bar of the State of Alaska.[12]

ERWIN and FITZGERALD, JJ., not participating.

12. At oral argument, counsel for the Board of Governors of the Alaska Bar Association urged that the case be remanded for the purpose of holding further proceedings to determine all issues which Stephenson sought to raise regarding the Multi-State Bar Examination. In light of the particular circumstances of this case, we think remand unwarranted. Our holding as to the inappropriateness of the use of the Multi-State Bar Examination as an attorney bar examination renders a remand unnecessary. Further, the delays which have marked this matter militate against a remand for further proceedings.