Richard M. GROVE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10622.

Court of Appeals of Alaska.

May 27, 2011.

David E. George, Anchorage, for the Appellant.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

Richard M. Grove, who faced felony charges in the superior court, entered into a plea agreement with the State; under this agreement, Grove pleaded guilty to third-degree assault[1] and felony eluding a police officer.[2] During the negotiations leading up to this plea agreement, and at the entry of plea and sentencing, Grove was represented by James Wheeler. Wheeler was an employee of the Alaska Public Defender Agency. He was a law school graduate, but he was not a licensed attorney.

After Grove was sentenced, he filed a petition for post-conviction relief in which he asserted that he had been denied the assistance of counsel. Grove contended that Wheeler had been practicing law as a "legal intern" for the Public Defender Agency under Alaska Bar Rule 44, and that Wheeler had violated the terms of his internship by appearing in court and representing Grove without the supervision of a licensed attorney. (Section 5(a) of Bar Rule 44 states that legal interns may appear and participate in superior court proceedings "if the [licensed] attorney representing the client is personally present and able to supervise the intern." A legal intern can be either a law student or a law school graduate.)

The State responded that Wheeler had not been practicing law as a legal intern under Bar Rule 44, but rather had been practicing law under the authority of AS 08.08.210(d). This statute provides:

Employees of the Department of Law, the Public Defender Agency, and the Office of Public Advocacy, whose activities would constitute the practice of law ... are required to obtain a license to practice law in Alaska no later than 10 months following the commencement of their employment.

The State argued that, under this statute, Wheeler could represent clients on behalf of the Public Defender Agency for up to ten months without being licensed as an attorney, and without a supervising attorney being present.

The superior court adopted the State's position on this matter and denied Grove's petition for post-conviction relief. Grove now appeals the superior court's decision.

In his brief to this court, Grove takes the position that attorneys practicing under the authority of AS 08.08.210(d) should be subject to Bar Rule 44. In other words, he argues that AS 08.08.210(d) is a statute that purports to exempt legal interns from the requirements of Alaska Bar Rule 44 if the interns are practicing law on behalf of the Department of Law, the Public Defender Agency, or the Office of Public Advocacy. If this were indeed the case—that is, if the Alaska Legislature enacted AS 08.08.210(d) for the purpose of abrogating or relaxing the rules and requirements governing legal interns under Bar Rule 44—then AS 08.08.210(d) would probably be invalid.

■ The Alaska Supreme Court has repeatedly held that the judicial branch of government, not the legislative branch, has the authority to regulate the practice of law and to set the rules that define who will be allowed to practice law.[3] In particular, the supreme court has repeatedly held that when there is a conflict between a statute and a bar rule regarding the rules that define who is eligible to practice law, the bar rule controls—because bar rules are enactments of the supreme court. As the supreme court

---

1. AS 11.41.220.

2. AS 28.35.182(b).

3. *Citizens Coalition for Tort Reform, Inc. v. McAlpine,* 810 P.2d 162, 165 (Alaska 1991); *Application of Stephenson,* 511 P.2d 136, 140–41 (Alaska 1973); *Application of Park,* 484 P.2d 690, 691 (Alaska 1971); *Application of Houston,* 378 P.2d 644, 645 (Alaska 1963).

stated in *Application of Houston,*[4] "the legislature ... may not require this court to admit [persons to the practice of law] on standards other than those accepted or established by this court."[5]

Thus, the ultimate question is whether the challenged statute, AS 08.08.210(d), conflicts with Alaska Bar Rule 44, or whether the statute establishes an alternative method— *i.e.,* a method apart from the internships defined in Bar Rule 44—for authorizing law school graduates to practice law even though they have not been admitted to the practice of law by the Alaska Bar Association in the normal manner, and whether this alternative method has been accepted by the Alaska Bar Association.

We have examined the website maintained by the Alaska Bar Association, and it is apparent that the Bar Association treats AS 08.08.210(d) as a separate authorization to practice law, different from the authorization given to legal interns under Bar Rule 44. According to the Bar Association's web site, a person may apply to practice law *either* under the statute (which the Bar refers to as the "10–month rule") *or* under Bar Rule 44. The Bar Association sets forth different application processes depending on whether the applicant is seeking authorization to practice law under the statute or the bar rule.[6]

It is possible to argue that, because AS 08.08.210(d) provides an additional method for law school graduates to practice law in this state, the statute does not simply augment the Alaska Bar Rules, but rather *conflicts* with the Bar Rules. But our decision on this issue must be shaped by the fact that the Alaska Bar Association does not perceive a conflict between the statute and the bar rules.

■ The Bar Association is the agency charged with policing the practice of law and with determining which persons are eligible to practice law. Accordingly, we must defer to the Bar Association's interpretation of this

matter unless we are convinced that the Bar Association's interpretation is clearly untenable or unreasonable. As the supreme court stated in *Wilber v. Commercial Fisheries Entry Commission,*[7] "[w]hen the interpretation of a statute or other question of law implicates agency expertise as to complex matters or as to the formulation of fundamental policy, we defer to the agency's interpretation so long as it has a reasonable basis in the law."[8]

■ The issue of whether AS 08.08.210(d) conflicts with Bar Rule 44 or whether, instead, the statute provides an alternative method for law school graduates to practice law in Alaska is a matter involving "the formulation of fundamental policy." And the Bar Association's conclusion—that the statute does not conflict with the bar rule—does not appear to be clearly untenable or unreasonable.

Indeed, while this opinion was undergoing technical review by the staff of this court, the Alaska Supreme Court resolved any doubt on this issue by amending Bar Rule 44 to explicitly acknowledge AS 08.08.210(d) as a discrete method by which a person can be authorized to practice law in this state.

On March 18, 2011, the supreme court issued Supreme Court Order No. 1708. This order, which took effect on April 1, amended Bar Rule 44 by adding a new section—Section 8—that addresses the practice of law under AS 08.08.210(d):

> **Practice of Law Under Statutory Authority.** To be eligible to practice law without a license under the provisions of AS 08.08.210(d), a person must meet the eligibility requirements for obtaining a legal permit listed in Section 3(c)(1), (2), and (3) of this rule. Persons practicing under AS 08.08.210(d) must obtain a license to practice law in Alaska no later than 10 months following commencement of their employment. The authority for those per-

---

**4.** 378 P.2d 644 (Alaska 1963).

**5.** *Houston,* 378 P.2d at 645.

**6.** *See* Alaska Bar Assoc., https://www.alaskabar. org/servlet/content/admissions.html (follow "le-

galinterns/waivers/pro hac vice" hyperlink) (last visited Mar. 29, 2011).

**7.** 187 P.3d 460 (Alaska 2008).

**8.** *Id.* at 465 (quotations omitted).

sons to practice law terminates upon the failure of that person to pass any bar examination administered by Alaska or any other state of the United States or the District of Columbia.

With the enactment of Section 8 of Bar Rule 44, the supreme court has formally ratified the position adopted by the Bar Association: the view that AS 08.08.210(d) establishes an alternative method, separate from the internships defined in Bar Rule 44, for authorizing law school graduates to practice law even though they have not been admitted to the practice of law by the Alaska Bar Association in the normal manner.

The supreme court's enactment of Section 8 of Bar Rule 44 also answers an objection that Grove raises to the specific content of the statute.

■ In his brief to this court, Grove argues that AS 08.08.210(d) is unreasonable on its face—because, unlike the internships defined by Bar Rule 44, the authority to practice law granted by the statute is not explicitly limited to law school graduates or upper division law students. The statute merely refers to "employees" of the Department of Law, the Public Defender Agency, and the Office of Public Advocacy. Grove argues that the statute is written so broadly that any employee of these agencies—even those not trained in law—could theoretically practice law for up to ten months.

It is true that AS 08.08.210(d) does not explicitly require the agency employee to have a legal education, but we believe that this requirement is implicit in the statute. The statute declares that all persons practicing law under the statute "are required to obtain a license to practice law in Alaska no later than 10 months following the commencement of their employment." This requirement to obtain a license to practice law within the next 10 months makes sense only if the agency employees mentioned in the statute either (1) are eligible to take the next Alaska bar examination under the various provisions of Alaska Bar Rule 2, or (2) have already taken the Alaska bar examination and are awaiting the results, or (3) are already licensed to practice law in another jurisdiction and are eligible to be admitted

upon motion pursuant to Section 2 of Bar Rule 2. We therefore hold that, at the time of the litigation in Grove's case, AS 08.08.210(d) required employees of the Public Defender Agency practicing under AS 08.08.210(d) to have met one of the foregoing criteria.

We note that, effective April 1, 2011, the newly enacted Section 8 of Bar Rule 44 addresses and resolves this same issue.

The first sentence of Section 8 declares: "To be eligible to practice law without a license under the provisions of AS 08.08.210(d), a person must meet the eligibility requirements for obtaining a legal permit listed in Section 3(c)(1), (2), and (3) of [Bar Rule 44]." Under these three referenced clauses of Section 3(c), a person practicing law under the authority of the statute (1) must be a graduate of an accredited American law school (or the graduate of an equivalent foreign law school); (2) must never have failed the Alaska bar examination; and (3) must never have failed a bar examination administered by any other American jurisdiction unless, after failing the examination, the person subsequently passed a bar examination administered by an American jurisdiction.

The Alaska Supreme Court has the authority to set the rules that define who will be allowed to practice law, despite any contrary statutes enacted by the legislature. Thus, even if the legislature did not envision these precise requirements when it enacted AS 08.08.210(d), the new provisions of Section 8 of Bar Rule 44 take precedence. Beginning April 1, 2011, these provisions govern the practice of law under AS 08.08.210(d).

For the reasons explained here, we agree with the superior court that James Wheeler, a law school graduate and an employee of the Public Defender Agency, was validly practicing law under AS 08.08.210(d) when he represented Grove. The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, concurring.

I write separately to discuss the legislative origins of the "ten-month rule" codified in AS

08.08.210(d), and the apparent rationale for this rule.

This statute was originally enacted in 1976; *see* SLA 1976, ch. 181, § 9. The underlying session law (SLA 1976, ch. 181) began life in 1975 as Senate Bill 296 (9th Legislature). The bill was introduced in March 1975 [1] and it passed the Senate the next month.[2] However, the House did not take up Senate Bill 296 in earnest until the following year (1976).[3]

The House eventually passed Senate Bill 296, but only after the House amended the bill in several ways.[4] The "ten-month rule" was the result of an eleventh-hour amendment offered by Representative Fred Brown during the House floor debate.

According to the 1976 House Journal at pages 934–35 (April 14, 1976), the House first voted to adopt the amended version of Senate Bill 296 authored by the House Rules Committee; then, various members of the House offered amendments from the floor to the Rules Committee's version of the bill. The first of these amendments was Representative Brown's proposal to amend the section that ultimately became AS 08.08.210(d) by adding the phrase "no later than ten months following the commencement of their employment" to the end of the sentence. (This sentence formerly ended with the word "Alaska"). This amendment was adopted by unanimous consent.

The 1976 House Journal contains no description of Representative Brown's rationale for adding this limiting clause. But the ten-month period appears to be based on the frequency with which the Alaska bar examination is given.

The Alaska bar examination is administered twice yearly, at the end of February and at the end of July. It takes approximately ten to twelve weeks for the Bar Association to assess the examination results and to engage in the other necessary inquiries to determine which applicants will be certified to the supreme court for admission to the bar. The Bar Association publishes the list of successful applicants in May (for the February exam) and October (for the July exam), and the installation ceremonies for new attorneys are generally held in mid–May (for the February exam) and mid–October (for the July exam).

Thus, if a person arrives in Alaska and begins working for the Department of Law, the Public Defender Agency, or the Office of Public Advocacy in early August (*i.e.*, shortly after the July bar examination is given), they will have to wait until the following February to take the bar exam. And even if they successfully pass the exam, they will not become members of the bar until the middle of May—in other words, nearly ten months after their arrival.

This, I believe, is the rationale for the ten-month period specified in AS 08.08.210(d). And given this rationale, AS 08.08.210(d) clearly envisions that the agency employees covered by the statute will have a legal education, and that they will be eligible to take the next Alaska bar examination—or that they will otherwise be admitted to the Alaska bar within the ten-month period because (1) they have already taken the Alaska bar examination and are waiting for the results, or because (2) they are already licensed to practice law in another jurisdiction and are eligible to be admitted upon motion pursuant to Section 2 of Bar Rule 2.

---

1.  *See* 1975 Senate Journal 502.

2.  *See* 1975 Senate Journal 775.

3.  *See* 1975 House Journal 853 and 1976 House Journal 399.

4.  *See* 1976 House Journal 924 and 934–37.